UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SYLVIA RAMIREZ RENDEROS (A-Number: 092-570-866),

        Petitioner,

    v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY, *et al.*,

        Respondents.

Case No.  1:26-cv-3321-DC-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Sylvia Ramirez Renderos, a citizen of El Salvador, has been in immigration custody since December 2025. Through counsel, she seeks a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

Petitioner first entered the United States without permission in 1981, when she was approximately 12 years old. ECF No. 1 at 6; ECF No. 7-2 at 2. In May 1999, an immigration judge ordered her removal. ECF No. 7-2 at 2. She was removed from the United States in September 1999. ECF No. 7-1 at 7.

Petitioner re-entered the United States in 2002. ECF No. 12 at 1. ICE re-detained her in Los Angeles in May 2013 and reinstated her prior removal order. ECF No. 7-2 at 2; ECF No. 7-1

1

at 5.  Because petitioner expressed a reasonable fear of return to El Salvador, ICE placed her into withholding-only immigration court proceedings.[1]  ECF No. 7-1 at 6.  In January 2014, an immigration judge set bond and ordered petitioner released from ICE custody.  *Id.* at 20; ECF No. 7-3 at 1.

Petitioner has litigated her application for withholding of removal since 2013.  ECF No. 7-1 at 6.  In October 2019, the immigration court ruled that petitioner's past criminal conviction disqualified her from withholding of removal.  *Id.* at 17.  Petitioner appealed that decision to the BIA, which reversed the immigration court's decision in August 2024 because petitioner's disqualifying conviction had been vacated by the state court.  *Id.* at 3-4.  The BIA remanded the case for further consideration of petitioner's eligibility for withholding of removal and relief under the Convention Against Torture.  *Id.* at 4.

On September 21, 2025, while immigration proceedings were ongoing, ICE determined that petitioner had satisfied the conditions of the bond and cancelled it.  ECF 7-3 at 1.  Petitioner was thereafter served with an order of release on recognizance.  ECF No. 7-2 at 27.  On November 22, 2025, petitioner was arrested by local authorities for a violation of California Penal Code section 368(b)(1), which prohibits elder abuse.  ECF No. 7-2 at 21.  Prosecution was rejected.  *Id.*  Petitioner was released from local custody on November 25, 2025.  *Id.* at 25.  ICE then re-detained petitioner on December 3, 2025.  ECF No. 7-2 at 13.  ICE has held petitioner in immigration custody since that date.

On June 17, 2026, the immigration court denied petitioner's application for relief from removal; her appeal to the BIA is due by July 17, 2026.  *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation/ (last visited June 29, 2026).

### Legal Standard

A federal court may grant habeas relief when a petitioner shows that her custody violates federal law.  28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75

---

[1] The initiation of withholding proceedings neither alters the applicable detention authority nor does it "render non-final" petitioner's "reinstated order of removal."  *See Johnson v. Guzman Chavez*, 594 U.S. 523, 540 (2021).

(2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that her re-detention and prolonged custody without any individualized review violates the Due Process Clause. ECF No. 1 at 9, 11. In analyzing petitioner's challenge to her detention, the court must first identify the statutory provision that confers authority for her detention. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008); *Solorzano-Ramirez v. Warden*, No. 1:26-cv-2540-DC-CSK, 2026 WL 1257256, at *2 (E.D. Cal. May 7, 2026). Respondents argue that petitioner's detention is mandatory under 8 U.S.C. § 1231(a)(6) because she has a final order of removal and suffered an arrest in November 2025 that renders her a "risk to the community." *See* ECF No. 7 at 3-5.

Petitioner has a valid final removal order dating from 1999. When a non-citizen re-enters the United States unlawfully after previously being removed under a removal order, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed." 8 U.S.C. § 1231(a)(5). Petitioner's 1999 removal order was reinstated in 2013. ECF No. 7-1 at 5. Section 1231(a)(5) "does not . . . preclude an alien from pursuing withholding-only relief to prevent DHS from executing his removal to the particular country designated in his reinstated removal order." *Johnson*, 594 U.S. at 530 (citing *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 35 n.4 (2006); 8 U.S.C. § 1231(b)(3)(A)). Petitioner was placed into withholding-only proceedings in 2013, and those proceedings are not yet final, since she may still file an appeal to the BIA; as noted, petitioner's withholding-only proceedings do not "render non-final" her "reinstated order of removal" or alter the authority governing her detention. *See Johnson*, 594

3

U.S. at 540.

Accordingly, petitioner's re-detention is governed by section 1231, which provides for detention of noncitizens like petitioner, who are subject to reinstated orders of removal and pursuing withholding of removal based on fear of persecution. Both parties acknowledge that section 1231 governs petitioner's re-detention. *See* ECF No. 7 at 3; ECF No. 12 at 2. Section 1231 provides that when a non-citizen is ordered removed, she shall be detained and removed within ninety days, which is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). Noncitizens who are "determined by the Attorney General to be a risk to the community" may be detained beyond the 90-day removal period pursuant to section 1231(a)(6) or released subject to terms of supervision. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578-79 (2022). Respondents do not dispute that petitioner has been detained beyond the 90-day removal period. *See* ECF No. 7 at 3. They instead argue that petitioner's arrest renders her a risk to the community, and that they may detain her beyond the 90-day period under section 1231(a)(6). *See id*.

Petitioner was out of custody and supervised by ICE from January 2014 until December 2025. ECF 7-2 at 4-8; ECF No. 7-3 at 1, 4. She satisfied all conditions of her bond, which was cancelled in September 2025. ECF No. 7-3 at 1. She was placed on an order of release on her own recognizance in October 2025. ECF No. 7-2 at 27. There is no allegation that petitioner violated any terms of her decade-long release, excepting the November 2025 arrest that did not result in charges. *See* ECF No. 7 at 3 (citing arrest as reason to re-detain petitioner). ICE re-detained petitioner at their offices on December 3, 2025 after a credible fear interview. ECF No. 7-2 at 2 ("ICE officers . . . encountered RENDEROS as part of a targeted enforcement action, following a CF interview.").

Revocation of release under section 1231 requires that ICE follow the procedures at 8 C.F.R. § 241.4.[2] *Diaz v. Wofford*, No. 1:25-cv-1079-JLT-EPG, 2025 WL 2581575, at *2 (E.D.

---

[2] If ICE determines "that there is no significant likelihood of removal in the reasonably foreseeable future," release and re-detention is governed by 8 C.F.R. § 241.13, instead of section 241.4. There is no evidence of this type of determination regarding petitioner. Therefore, I only discuss section 241.4.

Cal. Sept. 5, 2025).  In pertinent part, under section 241.4, release may be revoked when "(ii) The alien violates any condition of release; . . . or (iv) The conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate."  8 C.F.R. § 241.4(l)(2).  Upon such revocation, the noncitizen "will be notified of the reasons for revocation of his or her release" and have "an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification."  8 C.F.R. § 241.4(l)(1); *see also Diaz*, 2025 WL 2581575, at *5 (holding that notice and interview requirements of § 243.4(l)(1) apply to revocation of release under § 241.4(l)(2)).

Here, ICE did not follow those procedures because the agency improperly applied a different legal authority in re-detaining petitioner in December 2025.  In its notice of custody determination, ICE cited as its legal authority "section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations."  ECF No. 7-2 at 13.  Section 236 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1226, applies to noncitizens who have not been ordered removed.  *See* 8 U.S.C. § 1226(a) (authorizing detention "pending a decision on whether the [noncitizen] is to be removed from the United States).  Similarly, title 8, Code of Federal Regulations, part 236 refers to noncitizens "prior to order of removal."  *See* 8 C.F.R. part 236, subpart A ("Detention of Aliens Prior to Order of Removal").  Petitioner's Form I-213 indicates that ICE re-detained petitioner under section 1226, "due to violation Lincoln [sic] Riley Act. . . ."  ECF No. 7-2 at 3.  Respondents also state in their answer that "DHS determined that she was subjected to detention under the Laken Riley Act."[3]  ECF No. 7 at 2.

However, section 1226 does not govern petitioner's detention because she has a final order of removal.  As noted, respondents presently agree that section 1231 governs petitioner's re-detention.  *See* ECF No. 7 at 3.  Nonetheless, respondents do not acknowledge that ICE applied

---

[3] The Laken Riley Act amended the categories of noncitizens subject to mandatory detention under 8 U.S.C. § 1226(c), by adding a requirement that DHS detain any alien in removal proceedings who is arrested or convicted of certain crimes.  Pub. L. 119-1; 8 U.S.C. § 1226(c)(1)(E).  However, petitioner was not in removal proceedings, and thus the Laken Riley Act does not apply to her.  *See Leandro v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-1478-DC-CSK, 2026 WL 972784, at *2 (E.D. Cal. Apr. 10, 2026) (holding that once a removal order becomes final, section 1226(c) is no longer applicable to a petitioner's detention).

5

the wrong legal framework in re-detaining petitioner. Consequently, petitioner was not notified of the reasons for revocation of her release. The warrant for her re-detention provides no notification regarding why her release was revoked. *See* ECF No. 7-2 at 11. It simply states that petitioner "lacks immigration status" or is "removable." *Id.* Similarly, the Notice of Custody Determination provided to her does not provide any reason for her re-detention: it simply states that the officer "determined" that she would be detained. *Id.* at 13. There is no evidence that ICE provided petitioner an initial informal interview to afford her the opportunity to respond, pursuant to section 241.4(l)(1). Further, there is no evidence that ICE has provided petitioner any of the periodic custody review procedures set forth in sections 241.4(h), (k), and (l)(3).

Government agencies are required to follow their own regulations. *United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). If a noncitizen is not removed by ICE during the 90-day removal period, "pending removal, [she] shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3); *see also* 8 C.F.R. § 241.5(a) (setting conditions to be included in an order of supervision). To be sure, not every procedural misstep raises a constitutional issue. *See Matias v. Sessions*, 871 F.3d 65, 72 (1st Cir. 2017) (involving an inaccurate translation). However, where an immigration "regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute," like the opportunity to be heard, "and [ICE] fails to adhere to it, the challenged [action] is invalid. . . ." *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017) (quoting *Waldron v. I.N.S.*, 17 F.3d 511, 518 (2d Cir. 1993)); *see also Ying Fong v. Ashcroft*, 317 F.Supp.2d 398, 403-404 (S.D.N.Y. 2004) (granting the petition where the petitioner was deported fewer than 72 hours after her arrest and regulation mandated a 72-hour rule). The Supreme Court has recognized that an "alien may no doubt be returned to custody upon a violation of [supervision] conditions," *Zadvydas*, 533 U.S. at 700, but ICE must still follow its regulations in re-detaining noncitizens.

ICE's failure to comply with its own regulations renders petitioner's continued detention unlawful and violates her due process rights. Multiple courts, including several in this district, have held that where ICE fails to follow its own regulations in revoking release, such detention is unlawful, and release is appropriate. *See, e.g., Osorto-Coello v. Warden of Cal. City Det.*

6

*Facility*, No. 1:26-cv-3231-DC-AC, 2026 WL 1470603 (E.D. Cal. May 26, 2026), *report and recommendation adopted*, 2026 WL 1669083 (E.D. Cal. June 9, 2026) (granting release for failure to comply with 8 C.F.R. § 241.4 procedure); *Zhang v. Field Off. Dir.*, No. 1:26-cv-1862-DAD-DMC, 2026 WL 1067522 (E.D. Cal. Apr. 20, 2026), *report and recommendation adopted*, 2026 WL 1481568 (E.D. Cal. May 27, 2026); *Keivani v. Mullin*, No. 1:26-cv-3292-DC-DMC, 2026 WL 1453986 (E.D. Cal. May 22, 2026), *report and recommendation adopted*, 2026 WL 1706986 (E.D. Cal. June 12, 2026); *Salim v. Warden*, No. 1:26-cv-1121-DAD-AC, 2026 WL 1362964 (E.D. Cal. May 15, 2026), *report and recommendation adopted in part, rejected in part on other grounds,* 2026 WL 1480413 (E.D. Cal. May 27, 2026); *Truong v. Noem*, No. 25-cv-2597 JES MMP, 2025 WL 2988357, at *6 (S.D. Cal. Oct. 22, 2025) (collecting cases).

Accordingly, I recommend that petitioner be released.[4]

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondents be ordered to immediately release petitioner (A-Number: 092-570-866) from their custody on the same conditions as her prior release.

3. Respondents be ENJOINED AND RESTRAINED from re-arresting or re-detaining petitioner absent compliance with constitutional protections, including the requirements of 8 C.F.R. § 241.4(l).

4. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

5. Petitioner's request for a stay of transfer, ECF No. 13, be DENIED as moot.

6. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days of service of these findings and recommendations, any party may file written objections with the

---

[4] In light of this recommendation, petitioner's request for a stay of transfer, ECF No. 13, should be denied as moot.

court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    July 2, 2026      _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE