UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA RAMIREZ RENDEROS (A-Number: 092-570-866),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br><br>Respondents. | Case No. 1:26-cv-3321-DC-JDP<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(ECF Nos. 13, 14) |

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 2, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. ECF No. 14. Respondents filed objections to the findings and recommendations. ECF No. 15. However, in those objections, Respondents merely state that they object "for the reasons set forth in Respondents' previous briefing." *Id.* Those arguments were addressed by the magistrate judge and have already been rejected by this court. *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771 (E.D. Cal. July 16, 2025), *Vuong v. Becerra,* 1:25-cv-01847-DC-CSK, 2025 WL

3707172 (E.D. Cal. Dec. 22, 2025), and *El-Ghazaly v. Chestnut,* 1:25-cv-01621-DC-CKD, 2025 WL 3485030 (E.D. Cal. Dec. 4, 2025). In addition, although Respondents assert in their response to the petition that Petitioner "was properly redetained after she was arrested for felony elder abuse," (Doc. No. 7 at 1), as the magistrate judge thoroughly explained, that arrest did not result in criminal charges, and ICE did not detain Petitioner upon her release from local law enforcement custody but rather "detained petitioner at their offices on December 3, 2025 after a credible fear interview." (Doc. No. 14 at 4.) Notably, Respondents do not contest that they improperly applied the wrong statutory authority (8 U.S.C. § 1226) as the basis to re-detain Petitioner and therefore did not follow the requisite procedures of the 8 C.F.R. § 241.4, as is required to re-detain Petitioner under the applicable statute, 8 U.S.C. § 1231. (*Id.* at 4–5.) Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 2, 2026, ECF No. 14, are ADOPTED;

2. The petition for writ of habeas corpus, ECF No. 1, is GRANTED;

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining petitioner absent compliance with constitutional protections, including the requirements of 8 C.F.R. § 241.4(l);

4. Petitioner's request for a stay of transfer, ECF No. 13, is DENIED as having been rendered moot by this order;

5. The Clerk of the Court is directed to serve California City Detention Facility with a copy of this order; and

/////

/////

6. The Clerk of the Court is ordered to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: **July 13, 2026**

Dena Coggins
United States District Judge